UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CASE NO .
MAGISTRATE JUDGE

04 12076 JLT

FILED
IN CLERKS OFFICE

2004 SEP 27 P 1: 38

DISTRICT COURT
DISTRICT OF MASS.

GEORGE IVERSON, Individually, )
)
Plaintiff,              )        MAGISTRATE JUDGE Alexander
)
v.                           )
)
COPLEY PLAZA 2001 LLC., a Delaware Limited )
Liability Company,            )
)
Defendant.            )
_____/  )

RECEIPT # 5J9226
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Tom
DATE 9/28/04

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, George Iverson, Individually, on his behalf and on behalf of all other individuals

similarly situated, hereby sues the Defendant, COPLEY PLAZA 2001 LLC., a Delaware Limited

Liability Company, for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant

to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA").

## JURISDICTION AND VENUE

1.    Pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343, this Court has been given original

jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans With Disabilities Act, 42 U.S.C. § 12181 et seq. see also 28 U.S.C. § 2201 and

§ 2202.

2.    Venue is properly in the United States District Court for MASSACHUSETTS because venue

lies in the judicial district of the property situs. The Defendant's property is located in and

does business within this judicial district.

3.    Plaintiff, George Iverson, is an individual residing at 130 Dartmouth Street #905, Boston,

Massachusetts 02116, in the County of Suffolk.

4.   Defendant's property, The Fairmont Copley Plaza is located at 138 St. James Avenue,

Boston, Massachusetts, in the county of Suffolk.


## STATUTORY BACKGROUND

5.   On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990,

establishing important civil rights for individuals with disabilities, including the right to full

and equal enjoyment of goods, services, facilities, privileges, and access to places of public

accommodation.

6    Among other things, Congress made findings in 42 .S.C. §12101 (a)(1)-(3), (5) and (9) that

included:

a.   Some 43,000,000 Americans have one or more physical or mental disabilities, and

this number is increasing as the population as a whole is growing older;

b.   historically, society has tended to isolate and segregate individuals with disabilities,

and, despite some improvements, such forms of discrimination against individuals

with disabilities continue to be a serious and pervasive social problem;

c.   discrimination against individuals with disabilities persists in such critical areas as

employment,   housing,   public   accommodations,   education,   transportation,

communication, recreation, institutionalization, health services, voting and access to

public services;

d.   individuals with disabilities continually encounter various forms of discrimination,

including outright intentional exclusion, the discriminatory effects of architectural,

transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

e.      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

7.      Congress also explicitly stated in 42 U.S.C. §12101 (b)(1)(2) and (4) that the purpose of the Americans with Disabilities Act was to:

a.      Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

b.      provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

c.      invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

8.      Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public

accommodation.

9.    Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

## THE PARTIES AND STANDING

10.   Plaintiff, George Iverson is a Massachusetts resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. George Iverson has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property.

11.   The barriers to access at the property have endangered his safety.

12.   George Iverson has a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 17 of this complaint.

13.   Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Fairmont Copley Plaza, and is located at 138 St. James Avenue, Boston, Massachusetts.

14.   The Plaintiff has reasonable grounds to believe that he will continue to be subjected to

discrimination in violation of the ADA by the Defendant.

15. George Iverson desires to visit the Fairmont Copley Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

16. The defendant has discriminated against the individual plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. Sec. 12182 et seq., and by failing to remove architectural barriers as required by Volume 42 of the United States Code.

## THE INSTANT CLAIM

17. The Defendant has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Fairmont Copley Plaza has shown that violations exist. Current violations include, but are not limited to:

a.    There is no passenger loading zone in violation of ADAAG section 4.6.6.

b.    The front desk counter is above the permissible height limitation in violation of ADAAG section 7.

c.    Throughout the facility, there are doorknobs that are not operable with a closed fist, in violation of ADAAG section 4.13.9.

d.    Some of the public restrooms are not in compliance with the ADAAG requirements.
   1.    The disabled signage is incorrectly mounted in violation of section 4.30.5 of the ADAAG.
   2.    There is insufficient maneuvering clearance to exit the common area restroom, in violation of Figure 26 of the ADAAG.

3.    There is a lack of knee clearance under the sinks in the common area restrooms in violation of ADAAG section 4.19.2.

4.    There are exposed pipes in some of the restrooms.

5.    The sinks in some of the restrooms do not meet the requirements described in ADAAG 4.24.

6.    The grab bars in some of the restrooms do not comply with the requirements prescribed in 4.17.6 and 4.26 of the ADAAG.

e.    There is a lack of disabled seating in the Oak Room Restaurant in violation of ADAAG section 5.1.

f.    The signage at the facility including the disabled rooms is not compliant with ADAAG section 4.30.

g.    Many of the rooms in the facility do not have lever hardware as required by ADAAG section 4.13.9.

h.    There are many elements in the disabled rooms that are beyond the permissible reach range, including but not limited to, A/C controls, clothes rods, etc.

i.    The desk in the disabled room has insufficient knee clearance.

j.    There is insufficient clear floor space in the disabled room restroom for a person in a wheelchair to maneuver

k.    There are an insufficient number of compliant disabled accessible rooms in violation of ADAAG section 9, and the disabled rooms are not properly dispersed.

l.    The rooms for disabled use do not provide a roll in shower as provided by ADAAG section 9.

m.    The health club / spa is not in compliance with the ADAAG requirements, and does not have a door knob that is operable with a closed fist.

n.    Several public telephones in the facility do not provide the prescribed volume control device and/or clear floor space for disabled patrons.

18.    The discriminatory violations described in paragraph 16 are not an exclusive list of the defendant's ADA violations. Plaintiffs require the inspection of the defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts

violating the ADA and all of the barriers to access.

19.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR § 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR § 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20.    Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

21.    Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22.   The individual plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of, the defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

23.   Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24.   Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

25.   Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

26.   Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive

Relief including an order to alter Fairmont Copley Plaza to make those facilities readily

accessible and useable to the Plaintiffs and all other persons with disabilities as defined by

the ADA; or by closing the facility until such time as the defendant cures its violations of

the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.   The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

b.   Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.   An award of attorney's fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title

III of the Americans with Disabilities Act.

Respectfully Submitted,

**FULLER, FULLER AND ASSOCIATES, P.A.**
Attorneys for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199 - Dade
(954) 463-6570 - Broward
(305) 893-9505 - Fax


By:_____
       O. Oliver Wragg, Esquire
       Of Counsel
       Bar Number: 643152


Date:_____9-22-04_____

3587MA-Copley Plaza Opening Documents.wpd