IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GEORGE IVERSON, Individually,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) C.A. No. 04cv12076JLT |
| | ) |
| **COPLEY PLAZA 2001 LLC, a Delaware** | ) |
| **Limited Liability Corporation** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT COPLEY PLAZA 2001 LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, COPLEY PLAZA 2001 LLC ("Defendant"), answers and asserts the following defenses to the Complaint of Plaintiff, GEORGE IVERSON ("Plaintiff), as follows:

### JURISDICTION AND VENUE

1.   Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C §§ 1331, 1343, 2201 and 2202 and 42 U.S.C. § 1218, *et seq*. and that these statutes speak for themselves. Further answering, Defendant denies that it has violated the Americans With Disability Act ("ADA"), 42 U.S.C. 12181, *et seq.* in any manner.

2.   Defendant admits that its property is located in and that it does business within the District of Massachusetts.

3.   Defendant neither admits nor denies the allegations contained in Paragraph Three (3) of the Complaint, because it is without sufficient knowledge or information of the same and therefore, calls upon Plaintiff to prove same.

4.     Defendant admits that The Fairmont Copley Plaza Boston is located at the address referenced in the Complaint.

## STATUTORY BACKGROUND

5.     Defendant admits that Congress enacted the ADA in 1990. Further answering, Defendant states that the remainder of Paragraph Five (5) of the Complaint consists of statements of law, to which no response is necessary. To the extent that Paragraph Five (5) of the Complaint contains allegations of fact, such allegations are denied.

6.     Paragraph Six (6) of the Complaint consists of statements of law, to which no response is necessary. Further answering, Paragraph Six (6) also refers to provisions of the ADA and the statute speaks for itself. To the extent that Paragraph Six (6) of the Complaint, including all subparts, contains allegations of fact, such allegations are denied.

7.     Paragraph Seven (7) of the Complaint consists of statements of law, to which no response is necessary. Further answering, Paragraph Seven (7) also refers to provisions of the ADA and the statute speaks for itself. To the extent that Paragraph Seven (7) of the Complaint, including all subparts, contains allegations of fact, such allegations are denied.

8.     Paragraph Eight (8) of the Complaint consists of statements of law, to which no response is necessary. Further answering, Defendant admits that 42 U.S.C. § 12182 and 28 C.F.R. § 36.201(a) speak for themselves. To the extent that Paragraph Eight (8) of the Complaint contains allegations of fact, such allegations are denied.

9.     Paragraph Nine (9) of the Complaint consist of statements of law, to which no response is necessary, and refer to provisions of the statute that speak for themselves. To the

extent that Paragraph Nine (9) of the Complaint contains allegations of fact, such allegations are denied.

## THE PARTIES AND STANDING

10.    Defendant neither admits nor denies the allegations contained in Paragraph Ten (10) of the Complaint, because it is without sufficient knowledge or information of the same and therefore, calls upon Plaintiff to prove same.

11.    Defendant denies the allegations contained in Paragraph Eleven (11) of the Complaint.

12.    Defendant denies the allegations contained in Paragraph Twelve (12) of the Complaint.

13.    Defendant admits that it owns the property upon which a hotel known as The Fairmont Copley Plaza Boston, 138 St. James Avenue is located. Defendant denies the remaining allegations contained in Paragraph Thirteen (13) of the Complaint.

14.    Defendant denies the allegations contained in Paragraph Fourteen (14) of the Complaint.

15.    Defendant denies the allegations contained in Paragraph Fifteen (15) of the Complaint.

16.    Defendant denies the allegations contained in Paragraph Sixteen (16) of the Complaint.

## **THE INSTANT CLAIM**

17.   Defendant denies the allegations contained in Paragraph Seventeen (17) of the Complaint, including all subparts.

18.   Defendant denies the allegations contained in Paragraph Eighteen (18) of the Complaint.

19.   Defendant admits that 28 C.F.R. §§ 36.304(a) and 36.402 speak for themselves. To the extent that Paragraph Nineteen (19) of the Complaint contains allegations of fact, such allegations are denied.

20.   Defendant admits that 28 C.F.R. Part 36, App. A speaks for itself.  To the extent that Paragraph Twenty (20) of the Complaint contains allegations of fact, such allegations are denied.

21.   Defendant denies the allegations contained in Paragraph Twenty-One (21) of the Complaint.

22.   Defendant denies the allegations contained in Paragraph Twenty-Two (22) of the Complaint.

23.   Defendant denies the allegations contained in Paragraph Twenty-Three (23) of the Complaint.

24.   Defendant denies the allegations contained in Paragraph Twenty-Four (24) of the Complaint.

25. Defendant denies the allegations contained in Paragraph Twenty-Five (25) of the Complaint.

26. Defendant admits that 42 U.S.C. § 12188 speaks for itself. To the extent that Paragraph Twenty-Six (26) of the Complaint contains allegations of fact, such allegations are denied.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state claims upon which relief may be granted against Defendant.

### Second Defense

Plaintiff does not have standing to bring this action, and therefore, the Complaint should be dismissed.

### Third Defense

Plaintiff has demanded modifications that would result in significant financial loss for Defendant, and therefore, such modifications are not readily achievable.

### Fourth Defense

Plaintiff has demanded modifications to a facility that are not readily achievable, structurally impracticable, technically infeasible, and/or are not required.

### Fifth Defense

Plaintiff has demanded modifications to a facility that would require Defendant to fundamentally alter the way it provides its goods and services or that would impose an undue burden upon Defendant.

### Sixth Defense

The allegations of the Complaint state claims against a third indispensable party who has not been joined and for whose conduct Defendant cannot be held liable.

### Seventh Defense

Prior to the institution of this action, Defendant or the owner, operator, lessor or lessee ad already implemented the removal of any existing barriers pursuant to 28 C.F.R. § 36.304 to the extent the removal of said barriers were readily achievable; therefore, Plaintiff is not entitled to relief requested, including but not limited to an injunction or award of attorney's fees.

### Eighth Defense

To the extent any architectural barrier exists, it is merely technical violations within acceptable conventional building industry tolerances for field conditions and the facilities, when taken as a whole, are compliant with the ADA and its implementing regulations.

### Ninth Defense

To the extent any architectural barrier exists, it has been remedied and/or removed and the issues arising from the Complaint are now moot and the facilities are compliant with the ADA and its implementing regulations.

### ATTORNEY'S FEES

Defendant has retained the law firm of Morgan, Brown & Joy and has agreed to pay said firm a reasonable fee for its services. Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, Defendant is entitled to recover its attorney's fees and costs.

WHEREFORE, Defendant prays:

(1) That Plaintiff's Complaint be dismissed;

(2) That Defendant be awarded its costs; and

(3) That Defendant be awarded such other and further relief as the court deems appropriate.

        Respectfully submitted,

        COPLEY PLAZA 2001LLC

        By Its Attorneys,

        /s/ Laurence J. Donoghue, Esq.
        _____
        Robert P. Joy, Esq.
        Mass. BBO# 254820
        Laurence J. Donoghue, Esq.
        Mass BBO# 130140
        Morgan, Brown & Joy, LLP
        One Boston Place
        Boston, MA 02108
        (617) 523-6666

Dated: November 8, 2004

## CERTIFICATE OF SERVICE

        I, Laurence J. Donoghue, Esq., hereby certify that on November 8, 2004, I electronically filed the foregoing pleading with the Clerk of the Court by using the ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail, postage prepaid, upon O. Oliver Wragg, Esq., FULLER, FULLER, & ASSOCIATES, PA, 1200 Biscayne Blvd., Suite 609, North Miami, FL 33183.

        /s/ Laurence J. Donoghue
        _____
        Laurence J. Donoghue