IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GEORGE IVERSON, Individually,

          Plaintiff,

v.

COPLEY PLAZA 2001, LLC, a Delaware
Limited Liability Company,

          Defendant.

CIVIL ACTION NO.
1:04-CV-12076-JLT

## PLAINTIFFS' NOTICE OF SERVICE OF INTERROGATORIES

Plaintiffs, by and through their undersigned attorneys, file this Notice of Service of Interrogatories propounded to the above-named Defendant, to be answered in writing under oath and within the time allowed by the applicable rules of the Court.

## INSTRUCTIONS

1. In the event the space provided is not sufficient for your answer to any of the questions, please attach a separate sheet with the additional information. Where any Interrogatory cannot be answered in full, please state in detail the reasons for such inability to answer, and answer said Interrogatory as fully as possible.

2. All information is to be divulged which is in the possession of the responding party, its attorneys or other representatives of the responding party and its attorneys.

3. As used in these Interrogatories and in subsequent Interrogatories, the following definitions shall apply:

   a. The term "person" means any natural person or any corporation, partnership, or other business association, joint venture, firm or other business enterprise or legal or entity, and any government or governmental body, commission, board or agency, and means both the singular and plural.

   b. The terms "you" or "your" refer to party to whom these interrogatories are directed, its agents, employees, representatives and attorneys.

   c. The terms "transaction" and "transactions" mean all matters described or referred to in the Complaint.



d. The terms "communication" or "communications" mean the act or fact of communicating, whether by correspondence, telephone, meeting or any occasion of joint or mutual presence, as well as the transfer of any document from one person to another.

e. "Oral communication" shall include:
1. The nature of said communication;
2. The name and address of the person making said communication;
3. The name and address of the person receiving said communications; and
4. The contents of said communications.

f. "Written communication" shall include:
1. The name and address of the person signing the writing;
2. The name and address of the addressee;
3. The date of the writing; and
4. The person or persons having possession of same.

g. The terms "identify" and "identification" when used in reference to any
1. Individual person, state:
   a. His or her full name;
   b. Present or last known address; and
   c. His or her present or last known employment position and business affiliation.
2. A person, not an individual person, state:
   a. The full name or title thereof and its state of incorporation where applicable;
   b. Its name;
   c. Present or last known address; and
   d. Principal place of its business.

Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state his or her name only.

h. The terms "identify" and "identification" when used in reference to a document or documents means to state:
1. The date;
2. The author (or, if different, the signer or signers);
3. The addressees;
4. Type of document (e.g., letter, memorandum, telegram, chart, sketch, diagram, etc.); and
5. Any other means of identifying with sufficient particularity to meet the requirements for its inclusion in a Request for Production of Documents pursuant to Rule 34, of the Federal Rules of Civil Procedure.

If any such document was, but is no longer in the responding party's possession or subject to the responding party's control, state what disposition was made of it and the reason for such disposition. In lieu of identifying any document, a true and correct copy thereof may be annexed to and incorporated in the answers to these Interrogatories. If any such document has already been furnished to the party propounding these interrogatories, only one reference to such document is necessary so as to enable the propounding party to identify it.

i. "Document" and "documents" shall include, but are not limited to, any medium or thing to which the responding party has or has had access, custody control or possession of and upon which intelligence or information is recorded or from which intelligence or information can be recorded, including but without limiting the generality of the foregoing, compact discs, any optical, mechanical, or electronic storage device, computer disks, computer memory devices, electronic mail, x-rays, tissue samples, punch cards, magnetic tape or wire, print-out sheets, movie film, slides, tissue slides, phonograph records, photographs, microfilm, patents and applications therefor, notes, letters, memoranda, ledgers, work sheets, books, magazines, reprints, summaries, reports, studies, projections, notebooks, diaries, calendars, appointment books, registers, graphs, charts, sketches, drawings, plans, blueprints, tables, calculations, specifications, analyses, papers, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, schedules, transcripts, advertisements, correspondence, drafts, minutes of board of directors and executive committee, each copy or draft of any of the foregoing which is non-identical because of marginal notations or otherwise, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

1. If any document described in this request was, but no longer is in your possession, or subject to your custody or control, or in existence, state whether:

    a. It is missing or lost;
    b. It has been destroyed;
    c. It has been transferred, voluntarily or involuntarily, to others, or;
    d. It has been disposed of otherwise.

    In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof Identify each document by listing its author, his address, type (e.g. letter, memorandum, telegram, chart, photograph, etc.), date, subject matter, present locations(s) and custodian(s), and state whether the document (or copies) are still in existence.

    2.    If it is claimed that a document is privileged, state the type of privilege claimed, whether the information contained or referred to in such document is in the possession of any other person(s), and if so, identify such person(s) and state how the information came into their possession, and state all of the circumstances you rely on to support such claim of privilege.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-mailed on March 18, 2005, to:

Laurence Donoghue, Esq.
Morgan Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605

                    FULLER, FULLER & ASSOCIATES, P.A.
                    12000 Biscayne Blvd., Suite 609
                    North Miami FL 33181
                    Tel.: (305)891-5199; Fax: (305)893-9505
                    FFA@fullerfuller.com

By: _/s/ Oliver Wragg_____
        Oliver Wragg, Esq. (BBO #643152)
        Of Counsel
        Counsel for Plaintiff

OOW:pmr

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE IVERSON, Individually, | . |
| Plaintiff, | . |
| v. | . CIVIL ACTION NO.<br>. 1:04-CV-12076-JLT |
| COPLEY PLAZA 2001, LLC, a Delaware<br>Limited Liability Company, | . |
| Defendant. | . |

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT**
**DATED:** March 18, 2005

1. Identify by name, address, telephone number and title the following individuals or entities:

    A. List any and all persons or entities who are presently tenants and/or lessees at the subject property, including their addresses;

    ANSWER:

    B. All persons answering or assisting in answering these Interrogatories;

    ANSWER:

    C. Any persons or entities who operated or had a license to operate any business at the property described in the Complaint at any time over the last five (5) years;

    ANSWER:

D. Any persons or entities who performed any alterations or construction on the property described in the Complaint at any time after January 26, 1992 or have knowledge of such occurrence.

ANSWER:

E. Any persons or entities who have performed any architectural or design services concerning the property described in the Complaint at any time since January 26, 1992.

ANSWER:

F. Any person or entities who are the custodian of any records requested in the Request for Production served along with these Interrogatories and the records for which they are custodian.

ANSWER:

G. Any persons or entities who have any knowledge of the facts relating to the Complaint, or Answer or the Affirmative Defenses thereto and the paragraph or number of the Complaint, Answer or Affirmative Defenses of which that individual or entity has knowledge; including but not limited to the name, address and telephone number of all individuals hired or contracted to provide any alterations, modifications, remodeling or renovation for the property including the parking lot.

ANSWER:

  H.  All persons or entities who have had any property interest in the property described in the Complaint at any time over the last five (5) years, including the nature of such property interest;

 ANSWER:

2.  Identify the date Defendant took title to, or became the lessee and/or operator of, the real property which is the subject of this action. If the defendant is not the owner or lessee and/or operator of the subject property, identify its interest in the property.

 ANSWER:

3.  Identify each and every building permit applied for and/or obtained from January 1, 1992, regarding the property which is the subject of this action, including, without limitation, identifying the date each permit was applied for and/or obtained, who applied for each permit identified, and the work to be performed in accordance with each permit identified.

 ANSWER:

4.   Identify with specificity any and all remodeling of, construction on and/or alterations to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date, including, without limitation, identifying the work done and the commencement and completion dates, and identify all contractors and subcontractors who performed each job identified. If a contractor or subcontractor was not used, identify each worker who performed each job; and identify all architects and engineers who performed service, whether used or not, for each job identified, including, without limitation, identifying the firm/company, address, phone number and contact person; and state the amount of each project.

ANSWER:

5.   Identify with specificity all work, if any, planned and/or undertaken by or on behalf of the defendant and/or any predecessor(s) in interest since August 1, 1990, regarding the property which is the subject of this action, in order to modify it so that it complies with the requirements of the Americans With Disabilities Act, 42 U.S.C. §§12101, et seq (hereinafter "ADA"); and state the amount expended on each project.

ANSWER:

6.   If you have filed Affirmative Defenses please state, the name, address, and phone number of persons having knowledge of the facts upon which you base your Affirmative Defense, and identify all documents or other tangible things that support your Affirmative Defense.

ANSWER:

7. State the number of rest room facilities designated for individuals with disabilities, and state whether each rest room is a male, female or unisex facility; when each rest room was constructed and/or modified to accommodate individuals with disabilities; and whether each rest room is marked with appropriate signage reflecting their disability accommodations.

ANSWER:

8. For each rest room identified in response to Interrogatory number 7, state whether defendant has: installed grab bars in the toilet stalls; rearranged toilet partitions to increase maneuvering space; insulated pipes under each sink to prevent burns; installed single-lever faucet handles; installed a full length mirror; and repositioned paper towel dispensers to accommodate individuals who use wheelchairs; and specify the amount expended, when the work was done and the company(ies)/person (s) who completed the work, including their name(s), address(es) and phone number(s).

ANSWER:

9. State whether there is assigned disabled parking provided on the subject real property and, if so, state the number of spaces provided, the size of each space, and whether each space is appropriately marked with signs.

ANSWER:

10. Identify all documents which reflect the condition of the property described in the Complaint at any time since January 26, 1992, including but not limited to, plats, surveys, plans, schematics, photos or insurance applications for the property or its contents.

ANSWER:

11. State with specificity the defendant's gross revenue derived from the subject property for each year from January 1, 1990 to date.

ANSWER:

12. In the event there are any guest rooms in the subject property, then state the number of guest rooms in the subject property, and state how many of those rooms have been modified to comply with the ADA.

ANSWER:

    A. Regarding all guest rooms which have been modified, describe with specificity all modifications which were made to each guest room.

ANSWER:

_____
Signature

STATE OF MASSACHUSETTS   )
                         )   SS.
COUNTY OF                )

    Before me, the undersigned authority, appeared _____, who is known to me as the person who executed the foregoing and who did/did not take an oath on this _____ day of _____, 2005.

_____
NOTARY PUBLIC
STATE OF MASSACHUSETTS AT LARGE
My Commission Expires:

_____