IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE IVERSON, Individually, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> COPLEY PLAZA 2001 LLC, a Delaware ) <br> Limited Liability Company ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 04cv12076JLT |

## DEFENDANTS' INITIAL DISCLOSURES

Defendant Copley Plaza 2001 LLC ("Defendant"), by counsel, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, submits the following as its initial disclosures.

Defendant has not fully completed discovery or preparation for trial in this action. The information contained herein and documents identified, described or produced, are based only upon information presently available to Defendant and are given in a good faith effort to comply with Rule 26(a)(1). These initial disclosures are, therefore, made without prejudice to Defendant's right to produce, pursuant to the Federal Rules of Civil Procedure, any information which may subsequently be discovered or determined to be relevant to the subject matter of this action. These initial disclosures should not be construed as prejudicing or in any way limiting Defendant with respect to further discovery, research, analysis or proof.

Each of the following initial disclosures is made subject to any and all objections, including, but not limited to, competency, materiality, relevance, propriety, admissibility, or any other grounds that would require their exclusion in any proceeding. Any and all such objections

and grounds are expressly reserved and may be interposed at the time of trial. Defendant generally asserts the attorney-client privilege and the protection of the work product doctrine as to any and all relevant documents which may exist and which are subject to these privileges. To the extent any such initial disclosure contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged; nor is the relevancy of any such matter conceded.

Except for the explicit facts stated therein, no incidental or implied admissions are intended. Defendant has submitted these initial disclosures solely in compliance with Rule 26(a)(1), and these initial disclosures are solely for the purpose of and in relation to this action.

Defendant reserves the right to supplement these disclosures based on its continuing investigation of the case and as discovery continues.

(1)   If the Defendant is improperly identified, state Defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Defendant is properly identified.**

(2)   Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Defendant asserts they are currently unaware of necessary parties, not joined.**

(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Defendant asserts its defenses are straightforward, and anticipate more-fully developing the factual basis for such defenses through discovery. To the extent an additional factual basis is required at this time, Defendant incorporate by reference Defendants' affirmative defenses provided in its Answer to Plaintiff's Complaint.**

(4) Provide the name and, if know, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

1. **Jonathan D. Crellin, General Manager of the Fairmont Copley Plaza has information regarding the allegations in the Complaint. His contact information is as follows:**

   **John D. Crellin**
   **C/o Robert P. Joy**
   **Morgan, Brown & Joy LLP**
   **200 State Street**
   **Boston, MA 02109**

2. **Stephane Welburn, Controller for the Fairmont Copley Hotel, has information regarding the allegations in the Complaint. His contact information is as follows:**

   **Stephane Welburne**
   **C/o Robert P. Joy**
   **Morgan, Brown & Joy LLP**
   **200 State Street**
   **Boston, MA 02109**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provision of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B).

**Defendant has not identified an expert witness at this juncture but reserves the right to do so.**

(7)  Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).

**Defendant is presently aware of the existence of the following documents, currently located at defense counsel's office:**

(a) a copy of the Deed to Defendant's property evidencing title;

(b) documentation related to alterations, modifications, remodeling or renovation to Defendant's property completed since January 26, 1992;

(c) documentation related to design and construction done by Defendant since thirty (30) months after July 26, 1990;

(d) building permits pulled by or on behalf of Defendant;

(e) written policies or procedures for the Defendant as applicable to providing goods and services to individuals with disabilities; and

(f) documentation relevant to auxiliary aids and services generally provided to individuals with disabilities.

(8)  In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying

under Fed.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D).

**Defendant does not currently assert damages against Plaintiff but reserves the right to do so.**

(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Defendant does not currently contend that some other person or entity is liable to Plaintiff in this matter, but reserves the right to identify responsive persons or entities.**

(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E).

**No insurance agreement exists that may satisfy part or all of a judgment which may be entered in this action.**

                Respectfully submitted,

                COPLEY PLAZA 2001, LLC

                By its attorneys:

                /s/ Laurence Donoghue

Dated: November 22, 2005      Laurence J. Donoghue, Esq.
                BBO No. 130140
                Robert P. Joy, Esq.
                BBO No. 254820
                MORGAN, BROWN & JOY, LLP

200 State Street
Boston, MA 02109-2605
Tel: (617) 523-6666

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the above document via electronic mail and by first class mail this 22nd day of November, 2005 upon counsels for plaintiff: John P. Fuller Esq., Fuller & Associates PA, 12000 Biscayne Blvd., Suite 609, North Miami, FL 33181 and George W. Skogstrom, Esq., Schlossber & Associates, P.A., 33 Braintree Hill Suite, 303, Braintree, MA 02185.

/s/ Laurence Donoghue
Laurence J. Donoghue, Esq.